IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **DANIEL ASGARI,** | § | |
| *Plaintiff,* | § § § | |
| v. | § § | CIVIL ACTION NO. 5:23-cv-01006 |
| **MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY and ALEXANDER RAMIREZ,** | § § § § § | |
| *Defendants.* | § § | |

### DEFENDANT MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendant Mesa Underwriters Specialty Insurance Company ("MUSIC" or "Defendant") hereby removes the action styled and numbered *Daniel Asgari v. Mesa Underwriters Specialty Insurance Company*, Cause No. 2023CI08863, pending in the 166th District Court of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division. For the reasons set forth below, removal of the state court action is proper under 28 U.S.C. §§ 1332, 1441, and 1446.

### I.
### THE STATE COURT ACTION

1. On July 11, 2023, Plaintiff Daniel Asgari ("Plaintiff") filed his First Amended Petition ("First Amended Petition") in the 166th Judicial District Court of Bexar County, Texas—Cause No. 2023CI08863.[1]

2. This lawsuit arises out of Plaintiff's claim for coverage under a residential property insurance policy issued by MUSIC for physical damage allegedly sustained as a result of a wind

---

[1] *See generally* Exhibit B-3 [Plaintiff's First Amended Petition]. Plaintiff's Original Petition [*see* Exhibit B-1] named Alexander Ramirez as the sole defendant in the lawsuit, but he was never served the citation. *See* Exhibit A [State Court Docket Sheet], confirming that Alexander Ramirez has not been served to date.

**DEFENDANT MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY'S
NOTICE OF REMOVAL - PAGE 1**

and hailstorm event occurring on March 25, 2022 ("Claim").[2]

3. Plaintiff's First Amended Petition names MUSIC and Alexander Ramirez ("Ramirez") as Defendants.[3]

4. Ramirez is not an insurer and is not a party to the commercial property insurance policy under which Plaintiff seeks coverage.

5. Ramirez acted as MUSIC's agent with respect to the adjustment of the claim at issue.

6. Defendant MUSIC was served with Plaintiff's First Amended Petition on July 25, 2023. Accordingly, MUSIC timely files this Notice of Removal within the 30-day time period required by 28 U.S.C. Section 1446(b)(2)(B).

7. Defendant Alexander Ramirez is an improperly joined party who has not been served with Plaintiff's Original Petition or Plaintiff's First Amended Petition.[4] Ramirez's consent to removal is not required because Ramirez is improperly joined as a defendant in this action and has not been served. [5] However, to the extent necessary, Ramirez consents to the removal of this action.

## II.
## VENUE IS PROPER

8. Venue is proper in the United States District Court for the Western District of Texas, San Antonio Division under 28 U.S.C. §§ 124(d)(3) and 1441(a) because this district and division embrace the place in which the removed action has been pending.

---

[2] *Id* at ¶ 10.

[3] *See generally* Exhibit B-3. [Plaintiff's First Amended Petition].

[4] *See* Exhibit A [State Court Docket Sheet], confirming that Alexander Ramirez has not been served to date.

[5] *See Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007); 28 U.S.C. § 1446(b)(2)(A).

**DEFENDANT MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY'S**
**NOTICE OF REMOVAL - PAGE 2**

## III.
## BASIS FOR REMOVAL JURISDICTION

9. Removal of this action is proper under 28 U.S.C. § 1441 because it is a civil action brought in a state court and federal courts have original jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332. Specifically, removal is proper because there is now, and was at the time this action was filed, diversity of citizenship between Plaintiff and MUSIC, and the amount in controversy exceeds $75,000 excluding interest and costs.

10. Removal is proper because complete diversity of citizenship exists between Plaintiff and MUSIC.

11. Plaintiff is, and was at the time this lawsuit was filed, an individual who is domiciled and reside in the State of Texas and, therefore, is a citizen of Texas for diversity jurisdiction purposes.[6]

12. MUSIC is an insurance company organized under the laws of the State of New Jersey, with its principal place of business in New Jersey. Consequently, MUSIC is a citizen of the state of New Jersey, and thus a citizen of New Jersey for diversity jurisdiction purposes.

13. Defendant Ramirez is an individual domiciled in the state of Texas and, therefore, is a citizen of Texas for diversity jurisdiction purposes. This Court may disregard Ramirez's citizenship, however, because Ramirez has not been properly joined as a Defendant in this action. Plaintiff improperly joined Ramirez as a Defendant in this action in an effort to defeat this Court's diversity jurisdiction.

14. Based on the foregoing, there is now, and was at the time this action was filed, complete diversity between Plaintiff and MUSIC, the only properly joined Defendant.

---

[6] See Exhibit B-2 [Plaintiff's First Amended Petition] at ¶ 2.

**DEFENDANT MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY'S**
**NOTICE OF REMOVAL - PAGE 3**

### A. The 'Forum-Defendant Rule' Does Not Prohibit Removal of This Action Because Ramirez is Improperly Joined as a Defendant.

15. Removal of this action is proper because Ramirez is not properly joined as a defendant in this action. Accordingly, Ramirez's citizenship should be ignored for purposes of the 'forum-defendant rule.'

16. A court must disregard the citizenship of a non-diverse party if the removing defendant shows improper joinder by either: (1) "actual fraud in the pleading of jurisdictional facts"; or (2) "inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[7] Under the second method, the removing defendant(s) must demonstrate "there is no possibility of recovery by the plaintiff against [the] in-state defendant, which, stated differently means that there is no reasonable basis for the district court to predict that that the plaintiff might be able to recover against [the] in-state defendant."[8]

17. Here, Plaintiff's First Amended Petition fails to establish a reasonable possibility of recovery against Ramirez because Plaintiff lacks a valid claim upon which relief may be granted as to Ramirez under Texas law. Plaintiff's lawsuit is governed by Chapter 542A of the Texas Insurance Code, which applies to actions on first-party insurance claims arising from alleged damage to covered property caused by "forces of nature," such as "a flood, a tornado, lightning, a hurricane, hail, wind, a snowstorm, or a rainstorm."[9]

18. Under Chapter 542A, an insurer "may elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing

---

[7] *Smallwood v. Ill. Cent. R.R. Co.*, 385 F. 3d 568, 573 (5th Cir. 2004).

[8] *Id.*

[9] Tex. Ins. Code Ann. § 542A.001(2).

written notice to the claimant."[10] When an insurer makes such an election, "the court shall dismiss" the action against the agent with prejudice.[11] Further, an insurer "may not revoke, and a court may not nullify, [the] insurer's election."[12]

19. For purposes of this Notice of Removal, it is beyond dispute that MUSIC—via email dated April 25, 2023—elected to accept whatever liability "any adjuster or agent of MUSIC, including but not limited to Alexander Ramirez" might have to Plaintiff in connection with the property insurance claim made the basis of this lawsuit.[13]

20. Because MUSIC provided Plaintiff with written notice of its election of legal responsibility for Ramirez under section 542A.006, the statute mandates that all causes of action asserted against Ramirez be dismissed with prejudice. As a result, there is no possibility that Plaintiff might recover against Ramirez on any of the causes of action pleaded in Plaintiff's First Amended Petition, and this Court should disregard Ramirez's citizenship for purposes of 28 U.S.C. Section 1332(a).

## IV.
## AMOUNT IN CONTROVERSY

21. When removal is premised upon diversity jurisdiction, courts must determine the amount in controversy in light of "the claims in the state court petition as they existed at the time of removal."[14]

22. If it is facially apparent that Plaintiff's claims exceed the jurisdictional amount, MUSIC's burden to establish the requisite amount in controversy is satisfied.[15]

---

[10] TEX. INS. CODE ANN. § 542A.006(a).

[11] *Compare* TEX. INS. CODE § 542A.006(b) *with* § 542A.006(c).

[12] TEX. INS. CODE § 542A.006(f).

[13] *See* Exhibit C [MUSIC's 542A.006 Notice of Election].

[14] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[15] *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

**DEFENDANT MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY'S**
**NOTICE OF REMOVAL - PAGE 5**

23.     Here, as alleged in his First Amended Petition, Plaintiff seeks "monetary relief of $250,000 or less,"[16] and it is thus facially apparent from Plaintiff's First Amended Petition that Plaintiff's claims against MUSIC exceed the minimum jurisdictional requirement of $75,000.00.[17]

24.     Because there is complete diversity between Plaintiff and MUSIC and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).[18] Removal is therefore proper.

## V.
## COMPLIANCE

25.     Pursuant to 28 U.S.C. Section 1446(a) and Local Rule CV-3(a), a copy of each of the following are attached to (or filed with) this Notice of Removal:

     a.    the docket sheet in the state court action as **Exhibit A**;

     b.    each pleading, writ, or order filed, issued, or entered in the state court action (as separate attachments arranged in chronological order according to state court filing date as **Exhibits B-1 – B-7**);

     c.    MUSIC's 542A.006 Notice of Election as **Exhibit C**; and

     d.    Plaintiff's Pre-Suit Demand Letter dated December 19, 2022 as **Exhibit D**.

26.     MUSIC will promptly file a copy of this Notice of Removal with the clerk of the state court where the action is pending.

---

[16]   See Exhibit B-2 [Plaintiff's First Amended Petition] at ¶ 79.

[17]   Further, a party can prove up the amount in controversy by setting forth summary-judgment-type evidence of facts in controversy that support a finding of the requisite amount. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Demand letters and estimates of damages from the claimant are sufficient to establish the amount in controversy according to this standard. *Victor Gloria v. Allstate Vehicle and Property Insurance Company*, No. 5:18-CV-00073, 2018 WL 8807403, at *2 (S.D. Tex. Dec. 30, 2018); *Wilson v. Allstate Ins. Co.*, No. 416CV00970ALMCAN, 2017 WL 1097213, at *3 (E.D. Tex. Mar. 3, 2017), *report and recommendation adopted*, No. 4:16-CV-970, 2017 WL 1079533 (E.D. Tex. Mar. 22, 2017). Here, Plaintiff's Pre-Suit Demand Letter states that it seeks $61,070.09 in monetary relief, which Plaintiff alleges is the total amount of actual damages, penalties, interest, and attorneys' fees. *See* Exhibit D [December 19, 2022 Letter]. The sum of these amounts exceed $75,000. Accordingly, this Court has diversity jurisdiction over this matter, and it is removable under 28 U.S.C. § 1441(b).

[18]   *See also Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482 (5th Cir. 2020).

## VI.
## CONCLUSION

WHEREFORE, Defendant Mesa Underwriters Specialty Insurance Company requests that this action be removed from the 166th Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

By:    */s/ M. Paige Tackett*
     Steven J. Badger
     Texas Bar No. 01499050
     sbadger@zellelaw.com
     M. Paige Tackett
     Texas Bar No. 24083935
     ptackett@zellelaw.com

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, Texas 75202-3975
Telephone:    214-742-3000
Facsimile:     214-760-8994

**ATTORNEYS FOR DEFENDANT MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

     A true and correct copy of the foregoing has been served on the following counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on August 14, 2023:

    Chad T. Wilson
    State Bar No. 24079587
    Amanda J. Fulton
    State Bar No. 24077283
    CHAD T. WILSON LAW FIRM PLLC
    455 E. Medical Center Blvd., Suite 555
    Webster, Texas  77598
    Telephone: (832) 415-1432
    Facsimile: (281) 940-2137
    eservice@cwilsonlaw.com
    afulton@cwilsonlaw.com

    ***Attorneys for Plaintiff***

                                                */s/  M. Paige Tackett*
                                                  M. Paige Tackett